IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MALIBU MEDIA, LLC,

    **Plaintiff,**

v.

JOHN DOE,

    **Defendant.**

Case No.: GJH-15-3192

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Malibu Media, LLC ("Malibu") brought this Complaint alleging copyright infringement against Defendant John Doe, subscriber assigned IP address 69.250.167.72. ECF No. 1. Malibu alleges that Defendant used the "BitTorrent file distribution network" to download, copy, and distribute a complete copy of Malibu's movies without Malibu's authorization. ECF No. 1 ¶¶ 20, 30. Malibu filed a Motion to Expedite Discovery, ECF No. 2, which the Court granted, ECF No. 6. Defendant filed a motion to quash or vacate Malibu's subpoena "requesting [Defendant's] name, addresses, telephone numbers, e-mail addresses, and Media access control addresses from Comcast." ECF No. 8 at 1.

This Memorandum Opinion and accompanying Order address Defendant's Motion to Quash Malibu's subpoena served on Comcast (ECF No. 8). A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Defendant's motion to squash or vacate Malibu's subpoena is DENIED.

On timely motion, Federal Rule of Civil Procedure ("Rule") 45(c) requires courts to quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Courts may also quash or modify a subpoena if it requires disclosing "a trade secret or other confidential research, development, or commercial information" or "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). Additionally, under Rule 26, "a subpoena must be 'relevant to any party's claim or defense and proportional to the needs of the case.'" *Malibu Media, LLC v. Doe*, No. TDC-15-1042, 2016 U.S. Dist. LEXIS 17866, at *2 (D. Md. Feb. 12, 2016); *Malibu Media, LLC v. Doe*, No. WDQ-14-0252, 2014 U.S. Dist. LEXIS 85920, at *3–4 (D. Md. June 23, 2014).

Here, Defendant does not raise any of the six reasons to quash or modify a subpoena provided under Rule 45(c)(3), nor does Defendant challenge the relevancy of the subpoena. *See* ECF No. 8. Instead, Defendant argues that the subpoena should be quashed or vacated because Defendant "should not be held responsible for the internet use of renters, their friends, associates, or any other individual known or unknown to [Defendant] that may or may not have accessed the internet using the IP address at this property." ECF No. 8 ¶ 1. Defendant also argues that the subpoena should be quashed because Malibu is known as a "copyright troll" and the association of an IP address with a customer may not be enough to state a claim. ECF No. 8 ¶¶ 3–4. Defendant's argument appears to assert his innocence, which is not grounds to quash or vacate a

subpoena. *Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 17866, at *2; *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 85920, at *5. Accordingly, Defendant's motion is denied.

For the reasons discussed, Defendant's Motion to Quash (ECF No. 8) is DENIED. A separate Order follows.

Date: April 16, 2016

GEORGE J. HAZEL
United States District Judge