IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 15-3192 |
| JOHN DOE, | * | |
| Defendant. | * | |
| | ****** | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Doe's fourth attempt to quash the subpoena issued to the ISP in this case. ECF No. 27. The Court denied Doe's first Motion to Quash, ECF Nos. 14, and a subsequent Motion to Quash/Motion for Protective Order, which the Court construed under Federal Rule of Civil Procedure 54(b) as a Motion to Reconsider. ECF No. 20. On June 3, 2016, Doe again filed a Motion to Quash, which was also construed as a Motion to Reconsider because Doe raised essentially the same arguments and factual bases in that motion as in the two previous attempts. ECF No. 26. The Court denied Doe's motion a third time, warning Doe "that any party who engages in repeated baseless filings may face potential motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure." ECF No. 26 at 2.

Despite the Court's warning, Doe filed a fourth Motion to Quash on July 12, 2016. Doe's latest motion is more detailed than the first three, but essentially raises the same arguments. Thus, Doe's Motion to Quash will again be construed as a Motion to Reconsider under Rule 54(b). It includes additional facts, academic literature, and cases from other districts in an attempt to buttress Doe's claim that he has not infringed on Plaintiff's copyrighted works and that Plaintiff has not demonstrated good cause for the Court to issue the subpoena. The motion

also states that Doe has traveled "more than 100 miles (cumulative) from his place of residence to the court and back again, placing an undue burden on the defendant and his resources" to challenge the subpoena. ECF No. 27 at 10.

But none of the new information provides any change in controlling law or additional evidence not previously available, or demonstrates that the prior decision was based on clear error warranting reconsideration. *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F. Supp. 3d 504, 506–07 (D. Md. 2015). Accordingly, the Court rejects Doe's motion to quash for a fourth time, and denies Doe's Motion to Quash Subpoena.

With regard to sanctions, the Court warned Doe in its last opinion that if Doe continued to file baseless motions, Doe faced potential sanctions for repeatedly filing the same motion and thereby frustrating the orderly administration of this case. Doe's conduct in the face this Court's admonishment has prevented Plaintiff from obtaining Doe's identity and proceeding with its copyright infringement claims. As such, Doe's conduct runs afoul of Rule 11(b) of the Federal Rules of Civil Procedure.

Rule 11(b) provides,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

A court may impose sanctions *sua sponte* when a party files a motion for "any improper purpose," such as to cause unnecessary delay or one that is not warranted by existing law, so long as the court first issues a show cause order against the party proposed to be sanctioned. *See Yu v. Singh*, No. 15-CV-2534, 2015 WL 7273157, at *2 (D. Md. Nov. 18, 2015). Accordingly, pursuant to Rule 11(c)(3), the Court orders Doe to show cause within fourteen (14) calendar days from the date of this Memorandum Opinion and Order why Doe's fourth Motion to Quash, ECF No. 27, does not violated Rule 11(b).

A separate Order shall follow.


| | |
|---|---|
| 9/2/2016 <br> Date | /S/ <br> Paula Xinis <br> United States District Judge |